**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDGAR R. MORAN, *et al.*,           )
                                    )
              Plaintiffs,           )
                                    )
       v.                           )          3:11-cv-867-RCJ-WGC
                                    )
WELLS FARGO BANK, N.A., *et al.*,   )          **ORDER**
                                    )
              Defendants.           )
                                    )
_____)

Currently before the Court are motions to remand (#18), to certify questions of law to the Nevada Supreme Court (#35), and to intervene and consolidate cases (#36) filed by Plaintiffs, and motions to dismiss (##10, 12, 13, 24) for failure to state a claim filed by Defendants. For the following reasons, Plaintiffs' motions to remand (#18), to certify questions of law to the Nevada Supreme Court (#35), and to intervene and consolidate cases (#36) are denied and Defendants' motions to dismiss (##10, 12, 13, 24) are granted.

**BACKGROUND[1]**

Plaintiffs Edgar Moran and Rosa Amelia De Gonzalez (collectively "Plaintiffs") are the owners of real property located at 612 Mt. Diablo Drive, Reno, Nevada, 89506 (the "Property").

_____

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Req. for Judicial Notice (#11) at 1; Mot. to Dismiss (#12) at 2 n.1; Mot. to Dismiss (#13) at 2 n.1). This Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

(Deed of Trust (#12-1) at 1-2).  To finance the purchase of the Property, Plaintiffs obtained a $185,095 loan on January 21, 2005, which was secured with a deed of trust encumbering the Property.  (*Id.*).  The deed of trust named Pinnacle Mortgage of Nevada, LLC as beneficiary and United Title of Nevada as trustee.  (*Id.* at 1).

The same day the deed of trust was executed, Pinnacle Mortgage assigned all beneficial interest in the deed of trust to Wells Fargo Bank, N.A. (Assignment (#12-2)).  Wells Fargo then assigned all beneficial interest in the deed of trust to CitiMortgage, Inc. on March 3, 2005.  (Assignment (#12-3)).

Plaintiffs later defaulted on the loan secured by the deed of trust by failing to make the mortgage payment due on August 1, 2009.  (First Notice of Default (#12-5)).  On December 9, 2009, CitiMortgage substituted CR Title Services, Inc. as trustee of the deed of trust.  (Substitution (#12-4)).  CR Title recorded a first notice of default on December 10, 2009.  (First Notice of Default (#12-5)).  CR Title then recorded a notice of trustee's sale on March 10, 2010.  (Notice of Trustee's Sale (#12-6)).  A certificate was then issued by the Nevada Foreclosure Mediation Program and recorded on April 14, 2010 allowing the foreclosure to proceed because mediation was either not requested or was waived by the borrower. (Certificate (#12-7)).

The first notice of default recorded on December 10, 2009 was then rescinded by CR Title on May 8, 2010.  (Notice of Rescission (#12-8)).  CitiMortgage then executed a substitution of trustee again substituting CR Title as trustee of the deed of trust.  (Substitution of Trustee (#12-9)). First American Title Insurance Co. then recorded a second notice of default on January 18, 2011, claiming it was acting as agent of CR Title.  (Second Notice of Default (#12-10)).  The second notice of default recorded on January 18, 2011 was later rescinded by CR Title on April 13, 2011.  (Notice of Rescission (#12-11)).

CR Title then recorded a third notice of default on April 18, 2011.  (Third Notice of Default (#12-12)).  A certificate was recorded by the Nevada Foreclosure Mediation Program on September 9, 2011 allowing the beneficiary to proceed with the foreclosure, indicating that mediation was not required because the Property was "Non-Applicable Property."  (Certificate

1    (#12-13)).  A notice of trustee's sale was then recorded on September 26, 2011 by CR Title.

2    (Notice of Trustee's Sale (#12-14)).

3         Plaintiffs filed a complaint in Nevada state court on November 17, 2011 against Wells

4    Fargo, Pinnacle Mortgage, United Title, CitiMortgage, CR Title, and First American Title

5    (collectively "Defendants").  (Compl. (#1-1) at 1).  The complaint alleges three causes of

6    action, including (1) unlawful or fraudulent foreclosure, (2) declaratory relief, and (3) injunctive

7    relief.  (*Id.* at 16-20).  Wells Fargo removed the action to this Court on December 1, 2011

8    claiming the Court has diversity jurisdiction over the dispute.  (Pet. for Removal (#1) at 2-4).

9         On December 21, 2011, Defendants United Title, Wells Fargo, CitiMortgage, and CR

10    Title filed motions to dismiss the complaint for failure to state a claim upon which relief could

11    be granted.  (Mots. to Dismiss (##10, 12, 13)).  Plaintiffs filed an untimely response to these

12    motions on January 10, 2012.  (Response (#19)).

13         Plaintiffs filed a motion to remand this action to state court on January 10, 2012.  (Mot.

14    to Remand (#18)).  Plaintiffs claim that the matter should be remanded because complete

15    diversity does not exist and because the amount in controversy does not exceed $75,000.  (*Id.*

16    at 5-9).  Plaintiffs also argue that not all Defendants joined in the removal, and therefore the

17    removal was procedurally improper.  (*Id.*).  Additionally, Plaintiffs contend that the Court should

18    abstain from hearing this action because it involves a developing area of the law which is best

19    left to state courts.  (*Id.* at 12-16).

20         On January 26, 2012 First American Title filed a motion to dismiss the complaint for

21    failure to state a claim.  (Mot. to Dismiss (#24)).  Plaintiffs failed to respond to this motion.

22         Finally, on March 23, 2012, Plaintiffs filed a motion to certify questions of law to the

23    Nevada Supreme Court and a motion to intervene and consolidate cases.  (Mot. to Certify

24    Question of Law (#35); Mot. to Intervene & Consolidate (#36)).  The proposed intervenors are

25    plaintiffs in other foreclosure actions who are all represented by the same attorney and they

26    seek to have this matter consolidated with their foreclosure actions.  (Mot. to Intervene &

27    Consolidate (#36)).

28         A hearing was held on these motions on July 2, 2012, which Plaintiffs failed to attend.

1                                            **LEGAL STANDARDS**

2    **I.      Motion to Remand**

3             A defendant may remove an action to federal court if the plaintiff could have initially filed

4    the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the federal court has original

5    jurisdiction.   The party seeking removal bears the burden of establishing jurisdiction by a

6    preponderance of the evidence.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d

7    1102, 1106-07 (9th Cir. 2010).   If a case is removed and the federal court lacks jurisdiction

8    over the matter, the federal court must remand the case to state court.  28 U.S.C. § 1447(c).

9    The removal statutes are to be construed restrictively and any doubts about the right of

10   removal are resolved in favor of remand.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247,

11   1252 (9th Cir. 2006).

12            Federal courts have original jurisdiction over civil actions "where the matter in

13   controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of

14   different States" (known as diversity jurisdiction).  28 U.S.C. § 1332(a).  When the plaintiff

15   seeks declaratory or injunctive relief, the amount in controversy is measured by "the value of

16   the object of the litigation."  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347

17   (1977).  Pursuant to 28 U.S.C. § 1348, "[a]ll national banking associations shall . . . be deemed

18   citizens of the States in which they are respectively located."  In *Wachovia Bank v. Schmidt*,

19   546 U.S. 303 (2006), the Supreme Court of the United States determined that for purposes

20   of § 1348, a national bank is located "in the State designated in its articles of association as

21   its main office."  *Id.* at 318.  A natural person is a citizen of the state in which he is domiciled,

22   which is established by presence (residence) plus an intent to remain permanently or

23   indefinitely. *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).  A corporation is deemed

24   to be a citizen of its state of incorporation and where its principal place of business is located.

25   28 U.S.C. § 1332(c)(1).   A limited liability company is a citizen of every state of which its

26   owners/members are citizens.  *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894,

27   899 (9th Cir. 2006).

28            A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey*

                                                    4

1   *v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Fraudulent joinder occurs when a

2   "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

3   according to the settled rules of the state."  *Id.*; *see also Kruso v. Int'l Tel. & Tel. Corp.*, 872

4   F.2d 1416, 1426-27 (9th Cir. 1989); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th

5   Cir. 1987).   In determining whether a cause of action is stated against a non-diverse

6   defendant, a court looks only to a plaintiff's pleadings.  *Gardner v. UICI*, 508 F.3d 559, 561 n.3

7   (9th Cir. 2007) (quoting *Ritchey*, 139 F.3d at 1318).

8   **II.   Motion to Dismiss**

9   The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test

10  the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

11  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled

12  to offer evidence to support the claims."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

13  Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

14  To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a

15  claim to relief that is plausible on its face."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

16  1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim

17  is plausible on its face "when the plaintiff pleads factual content that allows the court to draw

18  the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

19  *Iqbal*, 556 U.S. 662, 678 (2009).  Although detailed factual allegations are not required, the

20  factual allegations "must be enough to raise a right to relief above the speculative level."

21  *Twombly*, 550 U.S. at 555.  All well-pleaded factual allegations will be accepted as true and

22  all reasonable inferences that may be drawn from the allegations must be construed in the

23  light most favorable to the nonmoving party.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.

24  2003).

25  Generally a district court's review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is

26  limited to the complaint itself.  *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  If

27  the court relies on materials outside the pleadings in making its ruling, it must treat the motion

28  to dismiss as one for summary judgment and give the nonmoving party an opportunity to

1  respond. FED. R. CIV. P. 12(d); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

2  "A court may, however, consider certain materials—documents attached to the complaint,

3  documents incorporated by reference in the complaint, or matters of judicial notice—without

4  converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at

5  908.  If documents are physically attached to the complaint, a court may consider them if their

6  "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." *Lee*,

7  250 F.3d at 688 (citation, internal quotations, and ellipsis omitted).

8      If the court grants a motion to dismiss a complaint, it must then decide whether to grant

9  leave to amend.  The court should freely give leave to amend when there is no "undue delay,

10  bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing

11  party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*,

12  371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a).  Generally, leave to amend is only

13  denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.

14  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

15                                    **DISCUSSION**

16  **I.    Motion to Remand**

17      Plaintiffs present numerous arguments in support of their motion to remand.  First,

18  Plaintiffs contend that the action should be remanded because the substantive requirements

19  for diversity jurisdiction have not been satisfied.  (Mot. to Remand (#18) at 5-9).  Specifically,

20  Plaintiffs argue that the amount-in-controversy requirement is not satisfied because Plaintiffs

21  simply seek to set aside the foreclosure due to procedural irregularities.  (*Id.*).  Plaintiffs also

22  contend that complete diversity does not exist because Plaintiffs are Nevada residents along

23  with Defendants United Title and Pinnacle Mortgage.  (*Id.*).

24      The amount in controversy however exceeds $75,000.  Plaintiffs by this action seek

25  declaratory and injunction relief prohibiting Defendants from foreclosing on the Property.

26  (Compl. (#1-1) at 18-21).  "If the primary purpose of a lawsuit is to enjoin a bank from selling

27  or transferring property, then the property is the object of the litigation." *Kehoe v. Aurora Loan*

28  *Servs., LLC*, 2010 WL 4286331, at *3 (D. Nev. 2010).  Accordingly, the amount-in-controversy

requirement has been met.

Plaintiffs also contend that complete diversity does not exist in this matter because Plaintiffs and Defendants Pinnacle Mortgage and United Title are citizens of Nevada.  (Mot. to Remand (#18) at 5).  Pinnacle Mortgage is a limited liability company whose sole member is Wells Fargo Ventures, LLC, a wholly-owned subsidiary of Wells Fargo Bank, N.A.  (Pet. for Removal (#1) at 2).  Wells Fargo Bank, N.A. is a national banking association and a citizen of South Dakota because its articles of organization describe that state as the home of its main office.  (Compl. (#1-1) at 3); *see also* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 307.  As limited liability companies have the same citizenship as their members, Pinnacle Mortgage is also a citizen of South Dakota.

United Title was a corporation incorporated under Nevada law until it was dissolved by merger.  (Pet. for Removal (#1) at 3).  Dissolved Nevada corporations remain citizens of Nevada for at least two years after dissolution.  *See McManus v. McManus Fin. Consultants, Inc.*, 2010 WL 4290866, at **4-5, (D. Nev. 2010).  Defendants have failed to show that United Title has been dissolved for more than two years and have not presented any facts that would suggest foreign citizenship.  United Title is therefore a Nevada citizen.

Despite the fact that both Plaintiffs and United Title are citizens of Nevada, complete diversity still exists in this matter because both Pinnacle Mortgage and United Title have been fraudulently joined.  The only substantive claim contained within the complaint is for unlawful and fraudulent foreclosure.  (Compl. (#1-1) at 16-18).  However, neither Pinnacle Mortgage nor United Title played any role in the foreclosure.  Pinnacle Mortgage only extended the loan and assigned all beneficial interest to Wells Fargo the same day, and has not had any interest in the deed of trust for over seven years.  United Title was similarly named as the original trustee but was later replaced by CR Title in December 2009.  Neither Pinnacle Mortgage nor United Title played any role in the foreclosure and had either reassigned all beneficial interest in the deed of trust or had been replaced as trustee before the foreclosure process was initiated.  Furthermore, Pinnacle Mortgage and United Title had no continuing duty to ensure the assignees or new trustee of the deed of trust properly complied with Nevada foreclosure

law.  Plaintiffs have therefore failed to state a claim against Pinnacle Mortgage and United Title and this failure is obvious according to the settled rules of the state.  *See Madera v. Wells Fargo Bank, N.A.*, 2012 WL 15832, at *2 (D. Nev. 2012).  Consequently, Pinnacle Mortgage and United Title have been fraudulently joined in this action and their presence does not destroy complete diversity.  The Court thus has jurisdiction over this case.

Despite the fact that the Court has jurisdiction over this dispute, Plaintiffs contend that the case should be remanded to state court because the removal was procedurally defective as not all Defendants joined in the removal.  (Mot. to Remand (#18) at 5-9).  "[A]ll defendants who are properly joined and served in the action must join in the removal or consent to it in writing, with the exception of defendants who are fraudulently joined or who are nominal defendants."  *Knutson v. Allis-Chalmers, Corp.*, 358 F.Supp.2d 983, 991 (D. Nev. 2005) (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)).  However, a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447(c).  A plaintiff who does not challenge an alleged procedural defect within 30 days of removal waives his right to do so.  *Ritchey*, 139 F.3d at 1315 n.3; *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995); *see also Miller v. Nat'l Brokerage Servs., Inc.*, 782 F.Supp. 1440, 1441 (D. Nev. 1991) ("Since a removal without the timely consent of all defendants, while improper, does not deprive this court of subject matter jurisdiction, plaintiff has waived any objection to improvident removal under 28 U.S.C. § 1447(c) by not making such an objection within 30 days after [defendant] filed the notice of removal.").

This action was removed on December 1, 2011, and therefore Plaintiffs had until January 3, 2011 to file a motion to remand based on an alleged defect other than lack of subject matter jurisdiction.  (Pet. for Removal (#1)).  Plaintiffs however did not file their motion to remand until January 10, 2012, seven days after the deadline to make procedural arguments had expired.  (Mot. to Remand (#18)).  Plaintiffs have thus waived all arguments that the removal process was improper.

8

1
2
3
4
5
6
7
8
9
10
11

Finally, Plaintiffs argue that this dispute should be remanded to state court because it involves a developing area of the law which is best left to the Nevada state courts to determine. (Mot. to Remand (#18) at 12-16). Foreclosure law in Nevada however is relatively settled and Plaintiffs have failed to present any legal issues that are novel and would warrant abstention. Plaintiffs seem to justify their request for abstention under the *Pullman* doctrine, but Plaintiffs have failed to present any federal constitutional issue that may be avoided by resolution of a state-law issue. *See, e.g., Pearl Inv. Co. v. City & Cnty. of S.F.*, 774 F.2d 1460, 1463 (9th Cir. 1985) (noting that federal courts should abstain under the *Pullman* doctrine if (1) the complaint touches on sensitive areas of social policy, (2) the case presents a constitutional issue which can be avoided by a definitive ruling on the state issue, and (3) the possibly determinative state-law issue is doubtful).

12
13
14

Plaintiffs' motion to remand is consequently denied. Defendants Pinnacle Mortgage and United Title are also dismissed with prejudice because they have been fraudulently joined in this action.

15

**II.    Motions to Certify Questions of Law to the Nevada Supreme Court and to Intervene and Consolidate**

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs have also filed motions to certify certain questions of law to the Nevada Supreme Court. (Mot. to Certify Question of Law (#35)). Pursuant to Nevada Rules of Appellate Procedure 5(a), a federal district court may certify questions of Nevada law to the Nevada Supreme Court. Whether to certify a question of law to the state's highest court lies within the federal court's discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Plaintiffs in this matter have presented no question of law justifying certification to the Nevada Supreme Court. The questions of law Plaintiffs propose for certification have little, if any, bearing on this case, but rather concern issues of dual agency, whether the sale is void or voidable, and the roles of Fannie Mae and Freddie Mac (neither of which are defendants in this action). (Mot. to Certify Question of Law (#35) at 3-7). Furthermore, Nevada foreclosure law is relatively settled and no question of law presented by Plaintiffs is so novel and important to state public policy that it would require certification. Accordingly, Plaintiffs' motion to certify

1    questions of law to the Nevada Supreme Court is denied.

2         A motion to intervene and consolidate was also filed by Plaintiffs and proposed

3    intervenors. (Mot. to Intervene & Consolidate (#36)). The proposed intervenors are plaintiffs

4    in unrelated foreclosure actions and the only commonality between Plaintiffs in this action and

5    the proposed intervenors is that they are represented by the same counsel. The proposed

6    intervenors have no interest in the Property and Plaintiffs have not shown that there is any

7    common question of law or fact that would justify consolidation. Additionally, all but one of the

8    cases which Plaintiffs seek to consolidate with the present action have either been remanded

9    to state court or dismissed, and the one remaining case concerns legal and factual issues

10   unrelated to this action. *See Potash v. Bank of New York Mellon*, 2012 WL 1739719 (D. Nev.

11   2012) (remanding case); *Barcena v. JP Morgan Chase Bank, N.A.*, 2012 WL 1067986 (D.

12   Nev. 2012) (dismissing case); *Sukuta v. DHI Mortg. Co., Ltd.*, 2012 WL 1684561 (D. Nev.

13   2012) (dismissing case); *Russell v. Bank of America, N.A.*, 2012 WL 1739721 (D. Nev. 2012)

14   (dismissing all claims except for a claim of statutorily defective foreclosure based on an

15   improper substitution of trustee and lack of authority to file the notice of default). Accordingly,

16   Plaintiffs' motion to intervene and consolidate is hereby denied.

17   **III.    Motions to Dismiss**

18        Defendants United Title, Wells Fargo, CR Title, CitiMortgage, and First American Title

19   have filed motions to dismiss all causes of action against them contained in the complaint

20   pursuant to Fed. R. Civ. P. 12(b)(6). (Mots. to Dismiss (##10, 12, 13, 24)). Only three causes

21   of action are offered in Plaintiffs' complaint: (1) unlawful and fraudulent foreclosure; (2)

22   declaratory relief; and (3) injunctive relief. (Compl. (#1-1) at 16-20). Plaintiffs' claims for

23   declaratory and injunctive relief however are remedies and not independent causes of action.

24   *See Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th

25   Cir. 1989); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D.

26   Nev. 2007); *Miller v. MERSCORP, Inc.*, 2011 WL 6097751, at *8 (D. Nev. 2011); *Anderson

27   v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 4386958, at *5 (D. Nev. 2010). Consequently,

28   these claims are dependent upon the only substantive cause of action before this Court—the

1   claim for unlawful and fraudulent foreclosure—which alleges that the foreclosure was wrongful

2   and statutorily defective.  (Compl. (#1-1) at 16-18).

3          Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show

4   that a lender wrongfully exercised the power of sale and foreclosed upon his or her property

5   when the homeowner was not in default on the mortgage loan.  *See Collins v. Union Fed. Sav.*

6   *& Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  Plaintiffs here have not alleged they were not

7   in default of the loan or that the Property has been sold at a foreclosure sale.  Accordingly,

8   Plaintiffs have failed to state a claim for wrongful foreclosure.

9          Plaintiffs have also failed to state a claim for statutorily defective foreclosure.  NRS §§

10  107.080, 107.086, and 107.087 set forth certain procedures that must be followed before a

11  trustee may execute the power of sale, and if these procedures are not substantially complied

12  with, the sale may be declared void.  NEV. REV. STAT. § 107.080(5)(a).  Plaintiffs claim that

13  Defendants did not substantially comply with NRS § 107.086 because they failed to notify

14  Plaintiffs of their right to pursue mediation under the Nevada Foreclosure Mediation Program

15  and provide them with the mediation election form required by NRS § 107.086(2)(a)(3)-(4).[2]

16  However, in a declaration attached to the complaint, Plaintiffs declared under penalty of

17  perjury that they pursued their right to mediation in order to keep their home.  (Plaintiffs' Decl.

18  (#1-2) at 73).  This declaration was explicitly incorporated by reference into the complaint.

19  (Compl. (#1-1) at 17-18).  As Plaintiffs have declared that they were aware of their right to

20  mediation and pursued mediation in an attempt to keep their home, they cannot now plausibly

21

22          [2] Plaintiffs also make numerous allegations that the assignments and substitutions of

23  trustee did not comply with the statute of frauds.  (Compl. (#1-1) at 12-15).  Plaintiffs make

24  these allegations without providing the Court with any explanation as to why these documents

25  fail to comply with the statute of frauds.  The Court need not accept as true such conclusory

26  statements devoid of any factual enhancement.  *Iqbal*, 556 U.S. at 678.  As Plaintiffs have

27  pled no facts suggesting that the documents do not comply with the statute of frauds, they

28  have failed to state a claim for defective foreclosure on this basis.

allege that they had no notice of their mediation rights and that NRS § 107.086(2)(a)(3)-(4) has not been substantially complied with.  Because the declaration evidences that the statutory foreclosure requirements have been substantially complied with and because Plaintiffs have failed to identify any additional defects in the foreclosure process, they have failed to state a claim for statutorily defective foreclosure.

As Plaintiffs have failed to state a claim on their only substantive cause of action, the dependent causes of action for declaratory and injunctive relief are similarly dismissed.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court DENIES Plaintiffs' motions to remand (#18), to certify questions of law to the Nevada Supreme Court (#35), and to intervene and consolidate cases (#36).

IT IS FURTHER ORDERED that the Court DISMISSES Pinnacle Mortgage and United Title from this action as fraudulently joined defendants.

IT IS FURTHER ORDERED that the Court GRANTS the motions to dismiss (##10, 12, 13, 24) filed by United Title, Wells Fargo, CR Title, CitiMortgage, and First American Title and that the complaint is dismissed without leave to amend.

DATED: This  3rd day of August, 2012.

_____
United States District Judge

12